IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PRODUCTION CREDIT
ASSOCIATION OF SOUTHERN NEW
MEXICO, a wholly owned Subsidiary
of FARM CREDIT OF NEW MEXICO,
ACA,

    Plaintiff,

v.                                                                                               No. 2:12cv01102 MV/GBW

DAIRY FARMERS OF AMERICA,
INC., et al.,

    Defendants,

DAIRY FARMERS OF AMERICA,
INC.,

    Third-Party Plaintiff,

v.

SLOPING HILLS, LLC,  CARTER'S
MILK FACTORY, INC., ALVA C.
CARTER, JR. and ALAN CARTER,

    Third-Party Defendants.

**ORDER GRANTING DEFENDANT DAIRY FARMERS OF AMERICA, INC.'S MOTION TO COMPEL**

THIS MATTER is before the Court on Defendant Dairy Farmers of America, Inc.'s ("Dairy Farmers") Motion to Compel Discovery Responses Against Third-Party Defendants. *Doc. 80*. The Court, having reviewed the Motion, and noting that no response was filed, will GRANT the Motion and award sanctions.

1

I.  **BACKGROUND**

Defendant and Third-Party Plaintiff Dairy Farmers served discovery requests on Third-Party Defendants Alan and Alva Carter ("the Carters") on March 13, 2014.  *Doc. 74*; *doc. 80* at 2.  The Carters did not respond within 30 days of service as required under the Federal Rules of Civil Procedure, nor did they move for an extension.  The Carters eventually provided their answers to Dairy Farmers' discovery requests on April 30, 2014, nearly two weeks late.  *Doc. 80*, Exs. A-1–A-3.  Dairy Farmers' counsel contacted the Carters' counsel on May 1, 2014, stating that the answers were inadequate and requesting supplementation.  *Doc. 80*, Ex. B.  As of the date of entry of this order, the Carters have not supplemented their responses to any of Dairy Farmers' discovery requests.

On May 21, 2014, Dairy Farmers filed the instant motion seeking to have its Requests for Admission deemed admitted pursuant to Federal Rule of Civil Procedure 36(a)(3), and asking the Court to compel answers to Interrogatories 2, 3, and 4 and Requests for Production 1, 2, 4, 5, 9, 11, and 12.  *Doc. 80*.  Dairy Farmers also moves for sanctions under Rule 37.  *See* FED. R. CIV. P. 37(a)(5).

II.  **LEGAL STANDARD**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."  FED. R. CIV. P. 26(b)(1).  "For good cause, the court may order discovery of any matter relevant to the subject matter involved in

2

the action." *Id.* Moreover, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Under Federal Rule of Civil Procedure 37(a), a party is permitted to file a motion to compel responses to properly propounded discovery. *See* FED. R. CIV. P. 37(a). A court may limit discovery if, after balancing the needs and costs of the proposed discovery, the costs "outweigh[] its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." FED. R. CIV. P. 26(b)(2)(C).

### III. ANALYSIS

Third-Party Defendants did not respond to Defendant's Motion to Compel, timely or otherwise. Such constitutes consent to grant the motion under the Local Rules. D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."). The Court will therefore grant Defendant's Motion to Compel.

IT IS THEREFORE ORDERED that Defendant Dairy Farmers' Requests for Admission are deemed admitted, and the Third-Party Defendants are compelled to supplement their answers to Interrogatories 2 and 3 and to answer Interrogatory 4.

Furthermore, the Carters are compelled to produce the documents requested in Defendant's Requests for Production 1, 2, 4, 5, 9, 11, and 12.

### IV. SANCTIONS

Upon resolution of motions to compel, the "losing" party must be required to pay the reasonable expenses incurred in making or opposing the motion. *See* FED. R. CIV. P. 26(c)(3); FED. R. CIV. P. 37(a)(5). However, this payment shall not be required if (i) the prevailing party failed to make a good faith effort to obtain the disclosure without court action; (ii) the "losing" party's grounds were "substantially justified" or (iii) the "circumstances make an award of expenses unjust."[1] *Id*. The Court finds none of these exceptions applicable. Thus, the Carters are ordered to pay Dairy Farmers' reasonable expenses and attorney's fees for its briefing of the Motion to Compel. Within seven days of the entry of this Order, Dairy Farmers shall file an affidavit outlining its expenses as described above. The Carters' objections to the amount claimed, if any, shall be filed within seven days of the filing of the affidavits.

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

---

[1] Of course, the party must be given an opportunity to be heard as well. This requirement is met where, as here, the opposing party seeks sanctions in its briefing and the sanctioned party has an opportunity to respond thereafter. *See, e.g., McCoo v. Denny's Inc.*, 192 F.R.D. 675, 697 (D. Kan. 2000).