IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PRODUCTION CREDIT
ASSOCIATION OF SOUTHERN NEW
MEXICO, a wholly owned Subsidiary
of FARM CREDIT OF NEW MEXICO,
ACA,

    Plaintiff,

v.                                                    No. 2:12cv01102 MV/GBW

DAIRY FARMERS OF AMERICA,
INC., et al.,

    Defendants,

DAIRY FARMERS OF AMERICA,
INC.,

    Third-Party Plaintiff,

v.

SLOPING HILLS, LLC, CARTER'S
MILK FACTORY, INC., ALVA C.
CARTER, JR. and ALAN CARTER,

    Third-Party Defendants.

## ORDER REGARDING RULE 37 SANCTIONS

THIS MATTER comes before the Court on a review of Defendant Dairy Farmers of America, Inc.'s ("Dairy Farmers") Affidavit for Attorney's Fees. *Doc. 94*. Having reviewed the affidavit and noting that no objections were filed, the Court issues the following order quantifying the sanctions previously imposed.

On July 2, 2014, the Court granted Dairy Farmers' Motions to Compel against Third-Party Defendants Alva and Alan Carter ("the Carters"), and ordered the Carters

to pay reasonable fees and attorney's expenses pursuant to Federal Rule of Civil Procedure 37. *Doc. 92.* The Court directed Dairy Farmers to file an affidavit outlining its expenses and granted the Carters an opportunity to object to those expenses within seven days of the filing of the affidavit. *Doc. 92* at 4. Dairy Farmers filed its affidavit on July 9, 2014. *Doc. 94.* The Carters did not object.

In his affidavit, counsel for Dairy Farmers requests $2,180.15 for $2,037.52 in attorney's fees with 7% gross receipts tax, as well as costs in the amount of $54.50 (2.5% of attorney's fees). *Doc. 94* at 3. The hourly billable rate varied from $195 to $410, depending on which individual was working on the preparation of the motion. *See doc. 94* at 2, Ex. 1. The Court finds that the hours billed were necessary under the circumstances, and that the hourly rates requested are "the prevailing market rate[s] in the relevant community." *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002); *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The Carters have not objected to the number of hours billed or the billable rate.

For the foregoing reasons, the sanctions previously imposed are quantified at $2,234.65 ($2,180.15 + $54.50). The Court notes that, subsequent to the Order granting the motion to compel and sanctions thereon (and subsequent to the filing of the affidavit regarding fees and expenses and the time allotted for objections thereto), the Carters' have filed notices that they have filed for bankruptcy protection. *See docs. 99, 100.*

Therefore, this case has been stayed (*see doc. 101*) and recovery of the sanctions quantified herein will be subject to the bankruptcy proceedings.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE