IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PRODUCTION CREDIT
ASSOCIATION OF SOUTHERN NEW
MEXICO, a wholly owned Subsidiary
of FARM CREDIT OF NEW MEXICO,
ACA,

    Plaintiff,

v.                                                                                                                No. 2:12cv01102 MV/GBW

DAIRY FARMERS OF AMERICA,
INC., et al.,

    Defendants,

DAIRY FARMERS OF AMERICA,
INC.,

    Third-Party Plaintiff,

v.

SLOPING HILLS, LLC, CARTER'S
MILK FACTORY, INC., ALVA C.
CARTER, JR. and ALAN CARTER,

    Third-Party Defendants.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Defendant and Third-Party Plaintiff Dairy Farmers of America, Inc.'s ("Dairy Farmers") Motion for Default Judgment (*doc. 17*) and Motion for Summary Judgment (*doc. 91*). Being fully advised, I recommend that the Court GRANT the Motion for Default Judgment as to Third-Party Defendants Carter's Milk Factory, Inc. and Sloping Hills, LLC ("the Carter Entities"), and GRANT the Motion for Summary Judgment as to Alan and Alva Carter ("the Carters").

A. **Motion for Default Judgment**

Dairy Farmers filed their Motion for Default Judgment against Third-Party Defendants Carter's Milk Factory and Sloping Hills on March 27, 2013. *Doc. 17.* In its Motion, Dairy Farmers affirms that it effected service on the Carter Entities on November 16, 2012, but that neither entity answered or otherwise responded within the requisite time frame under Federal Rule of Civil Procedure 12(a)(1). *Id.* Dairy Farmers moved for default judgment and requested an evidentiary hearing to determine the amount of damages. *Id.* Dairy Farmers also concurrently filed a Praecipe requesting the Clerk of Court to enter default against the Carter Entities. *Doc. 18.* The Clerk entered default against the both entities on March 29, 2013. *Doc. 20.*

The undersigned held a telephonic hearing on Dairy Farmers' Motion for Default Judgment and Motion for Summary Judgment on February 24, 2015. *Doc. 108.* Counsel for Dairy Farmers appeared, as well as counsel for Third-Party Defendants Alan and Alva Carter. *Id.* Neither of the Carter Entities appeared. *Id.* At the hearing, Dairy Farmers asked the Court to consider the record submitted with the summary judgment motion to assess damages against the defaulting entities in lieu of holding an evidentiary hearing on the motion for default judgment. *Id.* at 2. The Court agreed. Therefore, based on the evidence presented in Dairy Farmers' Motion for Summary Judgment (*doc. 91*), the Court makes the following recommended Findings of Fact and Conclusions of Law:

FINDINGS OF FACT:

1. Third-Party Defendants Carter's Milk Factory and Sloping Hills are dairy farms. They were both members of Dairy Farmers and executed Membership and Marketing Agreements with Dairy Farmers. These agreements prohibited the Carter Entities from granting security interests in their milk.

2. The Carter Entities entered into Forward Contracts with Dairy Farmers in July 2009. In 2010, Sloping Hills executed two Confirmations under its Forward Contract to deliver a certain amount of milk to Dairy Farmers each month.

3. In 2011, Sloping Hills and Dairy Farmers entered into a Modification of the Forward Contract. Under the Modification, Sloping Hills agreed to pay Dairy Farmers damages in the amount of $1,356,660, to be repaid over time. Sloping Hills also agreed to pay Dairy Farmers $500 per month through May 31, 2013, as consideration for modification of the contract.

4. In late 2011, Sloping Hills moved their dairy herd to Carter's Milk Factory, and the parties verbally agreed to assign all of Sloping Hills's rights and obligations to Carter's Milk Factory. An assignment was drafted but never executed. Carter's Milk Factory performed as if the assignment had been fully executed.

5. In March 2012, the dairy herd was sold and the Carter Entities were unable to fulfill their obligations to Dairy Farmers.

6. When the Carter Entities failed to perform, Dairy Farmers offset and recouped against the amounts otherwise payable to the Carter Entities, in an effort to mitigate its damages. After the offset, the amount due to Dairy Farmers was $239,593.59 plus $6,500 (the sum of the monthly payments of $500 through May 31, 2013), for a total of $246,093.59. Dairy Farmers sent a demand letter to the Carter Entities and the Carters on June 19, 2012, requesting payment in this amount.

7. The Carter Entities gave Plaintiff Production Credit Association ("PCA") a security interest in their milk, despite the prohibition in their Membership Agreements with Dairy Farmers.

8. PCA filed suit against Dairy Farmers, and the action was removed to this Court on October 24, 2012.  *Doc. 1*.

9. A settlement conference was conducted by the Court on June 3, 2014, Dairy Farmers agreed to pay PCA $200,000 to settle PCA's claims.

CONCLUSIONS OF LAW:

1. The Carter Entities breached their obligations to Dairy Farmers under the Modification of the Forward Contract and the Assignment to Carter's Milk Factory.

2. Although it was never officially executed, an Assignment contract existed.

3. The Carter Entities breached their Membership Agreements with Dairy Farmers by granting PCA a security interest in their milk.

4. Because of this breach, PCA filed suit against Dairy Farmers and Dairy Farmers paid $200,000 to settle PCA's claims.

RECOMMENDED DISPOSITION:

Based on the foregoing findings, the undersigned recommends that Dairy Farmers' Motion for Default Judgment against the Carter Entities be GRANTED, and that Dairy Farmers be awarded damages in the amount of $446,093.59 ($246,093.59 for breach of the forward contract and modification plus $200,000 for settlement of claims by PCA due to breach of the Membership Agreements).

### B. Motion for Summary Judgment

Dairy Farmers also filed a Motion for Summary Judgment against all Third-Party Defendants on June 26, 2014. *Doc. 91.* None of the Third-Party Defendants responded, and briefing was complete on July 24, 2014.

Carter's Milk Factory and Sloping Hills were owned and operated by Third-Party Defendants Alan and Alva Carter. In its Motion for Summary Judgment, Dairy Farmers states that the Carters entered into a Guaranty of the Modification Agreement between Dairy Farmers and Sloping Hills in June 2011. The Guaranty "unconditionally guarantee[d] the punctual payment" of Sloping Hills's obligations to Dairy Farmers under the Forward Contract and Modification. *Doc. 91*, Ex. J. The Carters "further agree[d] to pay any and all expenses (including counsel fees and expenses . . . ) incurred by [Dairy Farmers] in enforcing any rights under this Guaranty." *Id.* Dairy Farmers also states that the Carters agreed that their debt to Dairy Farmers would be increased by the settlement amount Dairy Farmers paid to PCA.

Based on the foregoing, Dairy Farmers claims that it is entitled to summary judgment against the Carters for the $446,093.59 owed by the Carter Entities and guaranteed by the Carters, plus attorneys' fees and costs.

Federal Rule of Civil Procedure 56(a) requires that a party seeking summary judgment demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Summary

judgment is proper only if a reasonable trier of fact could not return a verdict for the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The movant bears the initial burden of "show[ing] that there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991) (citing *Celotex*, 477 U.S. at 323). Once the movant meets this burden, Rule 56(e) requires the non-moving party to designate specific facts showing that "there are . . . genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex*, 477 U.S. at 324. "If a party fails to properly support an assertion of fact . . . , the Court may . . . consider the fact undisputed for purposes of the motion." FED. R. CIV. P. 56(e).

The Carters did not respond to the motion for summary judgment or contest any of Dairy Farmers' undisputed facts. At the hearing held before the undersigned on February 24, 2015, the Carters did not argue that they disputed any of the facts asserted by Dairy Farmers and expressly stipulated to entry of judgment against them in the amount requested. *Doc. 108* at 2.

Wherefore, I recommend that the Court grant summary judgment against the Carters in the amount of $446,093.59, plus attorneys' fees and costs, based on the Carters' stipulation at the hearing. Because I recommend that the Court grant default judgment against the Carter Entities, I recommend that the Motion for Summary Judgment as to the Carter Entities be denied as moot.

**C. Conclusion**

For the foregoing reasons, I recommend that the Court make the following rulings:

(1) Grant Dairy Farmers' Motion for Default Judgment (*doc. 17*) against Carter's Milk Factory, Inc. and Sloping Hills, LLC, and award damages in the amount of $446,093.59;

(2) Grant Dairy Farmers' Motion for Summary Judgment (*doc. 91*) against Alan Carter and Alva Carter in the amount of $446,093.59, plus attorneys' fees and costs to be established at a later date;

(3) Deny as moot the Motion for Summary Judgment as to Carter's Milk Factory, Inc. and Sloping Hills, LLC;

(4) Order that the obligation to pay Dairy Farmers $446,093.59 is joint and several between Carter's Milk Factory, Inc., Sloping Hills, LLC, Alan Carter, and Alva Carter, such that Dairy Farmers may recover in full only once.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE